JAMES R. NELSON *vs.* BOSTON AND MAINE RAILROAD.

Suffolk.   November 20, 1891. — January 7, 1892.

Present: ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Evidence — Professional Income — Tax Return — Expert — Exceptions.*

Returns, required by the statute of another State to be made under oath to listers or assessors of taxes, in the form of an inventory, showing in detail all the property and estate of the affiant, including debts due or to become due him, have no tendency to show what had been his income during the preceding year, and are inadmissible in evidence for that purpose.

The amount of the practice or of the income of a particular physician is not a subject for expert testimony, but can only be testified to by one who has knowledge of it.

The exclusion of evidence, of which so far as material the party offering it has the benefit in testimony subsequently admitted, affords no ground of exception.

On the question what was the annual income of the plaintiff, a physician, evidence offered by the defendant to prove by a purchaser of the plaintiff's practice that he called on persons named as patients on the plaintiff's visiting list previously given him by the plaintiff, and found but one who needed any medical treatment, is too remote to be competent.

On the assessment of damages for personal injuries occasioned to the plaintiff, a physician, on the issue what was the plaintiff's income, evidence tending to show that the plaintiff committed a fraud by making a false list of patients in connection with a sale of his practice is immaterial and incompetent.

TORT, for personal injuries sustained by the plaintiff in a railroad collision on January 19, 1889, near St. Johnsbury, Vermont.   At the trial in the Superior Court, before *Dunbar*, J., the defendant admitted its liability to the plaintiff, and the only question was one of damages.   On the issue as to what had been the income of the plaintiff, who was a physician in St. Johnsbury, the judge excluded certain evidence offered by the defendant; and, after a verdict for the plaintiff, the defendant alleged exceptions.   The nature of the evidence appears in the opinion.

*S. Lincoln & T. Hunt,* for the defendant.

*R. M. Morse,* for the plaintiff.

KNOWLTON, J.   All of the exceptions in this case relate to the exclusion of evidence.   For the purpose of showing the amount of the plaintiff's income from his professional practice in former years, the defendant offered to put in evidence the

returns made by the plaintiff to the listers or assessors, under a statute of Vermont, during the period in question. These returns were required to be under oath, in the form of an inventory, showing in detail all of the property and estate of the affiant, including debts due or to become due him. But the amount of his property, or of the debts due him at any particular time, would have no tendency to show what had been his professional income during the preceding year, and the evidence was rightly excluded.

The testimony of Dr. Stiles and of Dr. Brooks, which was offered, was merely the opinions of witnesses as to the amount of the plaintiff's practice as compared with that of respectable physicians generally in the neighborhood where he lived, and as to the cash value of his practice for a term of years. Neither of the witnesses had any knowledge of the amount of his practice, except from seeing him on the streets about his business, and by hearsay in a general way, the same as they had of that of other physicians in the town. The amount of the practice or of the income of a particular physician is not a subject for expert testimony, but can only be testified to by one who has knowledge of it. The usual fees charged by physicians for particular kinds of service may well be stated by persons familiar with the subject, and what is a reasonable charge for a given case may be proved as a matter of opinion by expert testimony. But how much business a particular physician is doing, and how much he is receiving for it, are specific facts, of which another may or may not have knowledge. Seeing a physician going about the streets, and hearing of cases of sickness in which he is called, and receiving general statements in regard to the amount of his business from those who have no definite knowledge about it, are not equivalent to knowledge. They are no more than hearsay, which might be made the foundation of a conjecture more or less wide of the mark, and they are not proper to be put in evidence to prove a specific fact.

Whether the inquiry at the trial was properly directed to the amount which the plaintiff had actually earned during the years immediately preceding the accident, instead of to the amount which persons of his education, experience, and professional reputation were accustomed to earn in the neighborhood where he

lived, and whether physicians, by reason of their general familiarity with matters connected with their profession, should be permitted to testify as experts in regard to the usual earnings of physicians of a certain class, are questions which we need not consider, for they are not before us. The object on both sides was to show what the plaintiff had in fact earned, and the evidence excluded was not competent.

The next exception is to the exclusion of evidence that the plaintiff had offered to give a list of his patients to one to whom he had sold his business, and to introduce the purchaser to his patients. But afterwards the witness was permitted to testify that the plaintiff gave him a list of his patients, and that three or four days after the contract of sale, in a conversation with the purchaser, the plaintiff named one as the number of patients then on his visiting list. So far as there was anything material in the evidence excluded, the defendant had the benefit of it in the testimony subsequently given, and the exception must be overruled.

The only remaining exception is to the exclusion of evidence offered by the defendant to prove by Dr. Lee, the purchaser of the plaintiff's business above referred to, that he called on persons named as patients on the plaintiff's visiting list previously given him by the plaintiff, and found but one who needed any medical treatment, and to the exclusion of a question to the same witness as follows: "Do you know of your own knowledge how many persons Dr. Nelson then named to you as being patients he was treating were in fact sick and being treated, requiring treatment?" The purpose of the last question seems to have been to show that the plaintiff committed fraud by making a false list in connection with the sale of his business to the witness. This was clearly immaterial in the present case, and incompetent. The other evidence, that at a certain time only one of the patients on the plaintiff's visiting list was found in actual need of medical treatment, was too remote to be competent on the question what was the plaintiff's annual income from his business. It does not appear from the bill of exceptions that it would have contradicted any part of the plaintiff's evidence.

*Exceptions overruled.*